UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

ALLSTATE INSURANCE COMPANY, et al.,

        Plaintiffs,

   - against -

DYNASTY MEDICAL CARE, P.C., et al.,

        Defendants.

- - - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 26 2015 ★
BROOKLYN OFFICE

REPORT AND
RECOMMENDATION

CV 2015-3644 (JBW)(MDG)

    This is an action brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. Because the defendant Priority Medical Diagnostics P.C., which is a corporation, failed to retain counsel to appear in this action following withdrawal of its prior counsel, I recommend that the Court strike the answer of defendant Priority Medical Diagnostics P.C. and enter default against it.

## DISCUSSION

    By order dated August 14, 2015, this Court granted the motion of Schwartz Law, P.C. to withdraw as counsel for defendants Priority Medical Diagnostics P.C. and Mohamed Nour. See ct. doc. 78.

    In the order granting the motion, this Court advised that a corporation may not appear in federal court except through licensed counsel. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); Grace v.

Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 187 (2d Cir. 2006); Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001) ("As a corporation, appellant, Galaxiworld, could only appear with counsel"). The court thus directed defendant Priority Medical Diagnostics P.C. to obtain legal representation by September 14, 2015 and warned that failure to do so could result in entry of default. As of this date, no attorney has entered a notice of appearance on behalf of the corporate defendant. Nor has the defendant otherwise communicated with the Court.

## CONCLUSION

I therefore recommend that the Court strike the answer of Priority Medical Diagnostics P.C. and enter default against it. See Dow Chemical Pacific, Ltd. v. Rascator Maritime, S.A., 782 F.2d 329, 336 (2d Cir. 1986) (affirming entry of default where a corporation fails to comply with the court's direction to secure counsel); see also Grace, 443 F.3d at 192 (noting that "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55") (citations and quotation marks omitted).

Defendant Nour is reminded that the next conference in this case is scheduled for October 22, 2015 at 2:00 p.m. in Courtroom 11-C at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY. Defendant Nour, as well as all other parties, must attend.

This report and recommendation will be filed electronically and copies sent by mail to Priority Medical Diagnostics P.C. and Mohamed Nour on this date. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the Honorable Jack B. Weinstein, by October 12, 2015. Failure to file objections within the specified time waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 24, 2015

                                       /s/
                                       MARILYN D. GO
                                       UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Mohamed Nour
Priority Medical Diagnostics P.C.
168-01 12th Avenue
Whitestone, NY 11357

*No objections have been timely made, the report is approved and made an order of the court. The Clerk of Court shall enter judgment, as recommended, by default. So ordered.*

*Jack B. Weinstein*
*10/14/15*